## CIRCUIT COURT OF ROANOKE COUNTY

Elm View, L.L.C., *et al.*

v.

Western Virginia
Water Authority
and South Peak Community
Development Authority

February 20, 2015

Case Nos. CL14-1319 and CL14-1319-01

BY JUDGE DAVID B. CARSON

Elm View, L.L.C., *et al.* ("Elm View") initiated this suit against the Western Virginia Water Authority ("Water Authority") and South Peak Community Development Authority ("South Peak"). The Water Authority timely filed a counterclaim against Elm View, and, with leave of Court, joined The Guarantee Company of North America USA ("Guarantee") as an additional counterclaim defendant. Guarantee's registered agent subsequently was served with the Water Authority's Complaint Against Additional Counterclaim Defendant. Guarantee did not file a responsive pleading within twenty-one days of the service on its registered agent. The Water Authority has moved the Court to find Guarantee in default. Having considered the memoranda and oral argument of counsel, the Court will grant the Water Authority's Motion for Default Judgment.

### The Pertinent Facts

On November 19, 2014, this Court entered an Order granting permission for the Water Authority to file a Motion to Join Guarantee as an additional party. That Order was endorsed by counsel for Elm View, South Peak, and the Water Authority. The Water Authority contemporaneously filed its motion with its proposed Complaint attached.

On December 9, 2014, Guarantee's registered agent was served with a Notice that, on December 22, 2014, the Water Authority would be presenting for entry an Order allowing the Water Authority to proceed against Guarantee. Guarantee did not appear at the December 22 hearing,

and the Court entered the Order, endorsed by all counsel, granting the Water Authority leave to file its Complaint against Guarantee. That Order said, in relevant part:

> Upon entry of this Order, the Clerk shall issue a summons to [Guarantee] and the Summons and Complaint against [Guarantee] shall be served by [Water Authority] on [Guarantee], who shall have the time allowed by law to answer it.

Process was immediately issued, and, on the next day, December 23, Guarantee's registered agent was served with the Summons and Complaint. Guarantee failed to file responsive pleadings within the twenty-one days allowed by law and specified in the Summons. It, therefore, is by definition "in default." Va. Sup. Ct. R. 3:19(a). On January 14, 2015, the Water Authority filed its Motion for Default Judgment.

*Analysis*

Under Va. Sup. Ct. R. 3:19(b), Guarantee has the burden of demonstrating "good cause" for the Court to exercise its discretion to allow Guarantee to file late pleadings. Guarantee has not met its burden.

Without citing any legal authority in support of its position, Guarantee asserts that (a) because it was not served with a copy of the December 22 Order until after it was served with process, service of the Summons and Complaint was somehow defective or a nullity and (b) notwithstanding the clear language of the Summons and Va. Sup. Ct. R. 3:8(a), the twenty-one day time for filing responsive pleadings did not begin to run until Guarantee was served with the December 22 Order.

An assertion that the service was somehow defective would properly be made by motion to quash service of process or a similar pleading or motion. No such pleading has been filed.

Guarantee has submitted the *ex parte* affidavit of its general counsel, Jeffrey Jubera, who averred that his "understanding … is that [Guarantee] must be served with the [Water Authority's] Complaint after being served with the [December 22 Order]." Nothing in the Order supports such an understanding. The affidavit is also silent about whether Guarantee had any plan, before being served with the Motion for Default Judgment, to file responsive pleadings. It is not surprising that Guarantee is unable to cite any authority in support of its arguments. Virginia law has long provided that:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time

> prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

Va. Code Ann. § 8.01-288 (2014).

It is beyond question that Guarantee received process within the time prescribed by law. Process was, in fact, correctly served with a Summons that explicitly told Guarantee when it must respond. For whatever reason, which the Court concludes does not include good faith or legitimate extenuating circumstances, Guarantee did not respond.

Guarantee's unsupported arguments leave the Court with no basis to exercise its discretion to relieve Guarantee from the consequences of its default.

### Conclusion

The Water Authority's Motion for Default Judgment against Guarantee is granted. Counsel for the Water Authority shall prepare and submit an agreed Order, in accordance with the Court's standing Order regarding the submission of Orders, by February 27, 2015. If agreement cannot be reached on an Order, then I shall expect all Orders by March 4, 2015. I will then select the Order I feel best incorporates my rulings and enter it.